UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID McINTEE,

                    Petitioner,                   Case No. 1:06-cv-822

v.                                      Honorable Richard Alan Enslen

CINDI CURTIN,

                    Respondent.

_____/

### REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to raise a meritorious federal claim.

**Discussion**

I.   Factual allegations

Petitioner is presently incarcerated in the Oaks Correctional Facility. Following a consolidated trial, a jury convicted Petitioner and Daniel McIntee in Monroe County Circuit Court of first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On April 1, 2004[1], the trial court sentenced Petitioner as a fourth habitual offender to 260 to 480 months imprisonment for the first-degree home invasion conviction, 24 to 120 months imprisonment for the felon in possession of a firearm conviction, and two years imprisonment for the felony-firearm conviction.

Petitioner raises the following ground for habeas relief:

> PETITIONER DAVID MCINTEE WAS DENIED DUE PROCESS AND A FAIR TRIAL GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN THE TRIAL COURT FAILED TO INSTRUCT HIS JURY ON THE LESSER INCLUDED OFFENSE OF ENTERING WITHOUT OWNER'S PERMISSION ALTHOUGH THERE WAS EVIDENCE TO SUPPORT SUCH AN INSTRUCTION. THIS ERROR CONSTITUTES UNFAIRNESS AND A MISCARRIAGE OF JUSTICE BECAUSE THE JURY MAY HAVE FOUND PETITIONER GUILTY OF THE LESSER INCLUDED OFFENSE.

(Pet. at 9.) Petitioner raised the same claim on appeal in the Michigan appellate courts. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion on October 11, 2005. *See People v. McIntee*, Nos. 254895, 255240, 2005 WL 2514242, at *1 (Mich. Ct. App.

---

[1] Petitioner's application for habeas relief failed to provide any of his sentencing information. Therefore, the Court retrieved his sentencing information from the Michigan Department of Corrections Offender Tracking Information System at http://www.state.mi.us/mdoc/asp/otis2.html.

Oct. 11, 2005).  The Michigan Supreme Court denied Petitioner's application for leave to appeal on December 27, 2005.

II.   Merits

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001), *cert. denied, Texas v. Penry*, 126 S. Ct. 2862 (June 12, 2006).  The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:   "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655.  This Court also may not consider decisions of lower federal courts in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 944 (6th Cir. 2000).  Thus, the inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state

- 3 -

courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final."
*Onifer v. Tyszkiewicz*, 255 F.3d 313, 317-18 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 405-07); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

Petitioner argues that the trial court erred in denying his request for a jury instruction on the lesser-included offense of breaking and entering without permission, MICH. COMP. LAWS § 750.115(1), to first-degree home invasion.  The Michigan Court of Appeals disagreed, stating:

> Both defendants argue that the trial court improperly refused to instruct the jury on the necessarily included lesser offense of entering without permission. We disagree. We review a defendant's claim of instructional error de novo. Jury instructions are to be reviewed as a whole to determine if error requiring reversal occurred.  The determination of whether an offense is a necessarily included lesser offense is a question of law that we also review de novo.
>
> A trial court may only instruct the jury on necessarily included lesser offenses, not cognate lesser offenses. "Necessarily included lesser offenses are offenses in which the elements of the lesser offense are completely subsumed in the greater offense," and, therefore, it would be impossible to commit the greater offense without first committing the lesser.  A cognate lesser offense shares several of the same elements with, and is of the same class as, the greater offense, but contains some elements distinct from the greater offense. The Michigan Supreme Court has already determined that entering without permission is a necessarily included lesser offense of first-degree home invasion.
>
> In this case, however, the requested lesser offense instruction was inappropriate as it was not supported by a rational view of the evidence. The element distinguishing first-degree home invasion from entering without permission is whether the defendant possessed the intent to commit "a felony, larceny, or assault" upon entry. The undisputed evidence established that the men who entered the complainants' home intended to commit a larceny. However, defendants denied ever entering the home. Therefore, defendants' intentions upon entering the home were not in dispute and the trial court properly declined to give the requested instruction.

*McIntee*, 2005 WL 2514242, at *1 (footnotes omitted).

Although the Supreme Court has held that it is a violation of due process for a court to fail to instruct on a lesser-included offense supported by the evidence in a *capital* case, it has not so held in *noncapital* cases. *Hopper v. Evans,* 456 U.S. 605, 611-12 (1982); *Beck v. Alabama*, 447 U.S. 625, 627 (1980); *Bowling v. Parker,* 344 F.3d 487, 500 (6th Cir. 2003), *cert. denied*, 543 U.S. 842 (2004).  To the contrary, the Sixth Circuit Court of Appeals has held that the failure to give an instruction on a lesser-included offense in a noncapital case, even when requested by counsel, is not of the "character or magnitude which should be cognizable on collateral attack." *Bagby v. Sowders*,

894 F.2d 792, 797 (6th Cir. 1990) (en banc); *see also Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002);

*Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001). The *Bagby* court held that failure to instruct

on lesser-included offenses is reviewable in a habeas corpus action only if the failure results in a

miscarriage of justice or constitutes an omission inconsistent with the rudimentary demands of fair

procedure. *Bagby,* 894 F.2d at 797; *accord Scott*, 302 F.3d at 602; *Todd v. Stegal*, Nos. 00-2203,

98-72656, 09-29-00, 2002 WL 554500, at *2-3 (6th Cir. Apr. 12, 2002); *Samu v. Elo*, No. 00-1184,

2001 WL 814929, at *1 (6th Cir. July 9, 2001); *Williams v. Hofbauer*, No. 00-1526, 2001 WL

133135, at *2 (6th Cir. Feb. 6, 2001).

      Here, Petitioner fails to demonstrate that the omission of the lesser-included offense

instruction resulted in a miscarriage of justice or a fundamental defect in due process. Petitioner's

convictions arose during an attempted burglary of a residence with his cousin, Daniel McIntee.

*McIntee*, 2005 WL 2514242*,* at *1. At the time of the attempted burglary, two teenage children,

Courtney and Blake Jedryczka, were home alone. The children witnessed a vehicle pull into their

driveway and an unknown man knock on the back door of the house. The teenagers then hid under

a bed upstairs and phoned their grandparents for help. When no one answered the door, someone

forced the locked door open. *Id.* The Michigan Court of Appeals noted:

> It is unclear whether one of the defendants was the person who forced the door open.
> The children saw a second vehicle outside of their home before defendants entered.
> Blake told a 911 operator that he heard a third man's voice inside the house. While
> awaiting the arrival of the police, defendants insisted that two other men were
> involved, and Courtney testified that defendants actually named two other men.
> However, no one else was arrested in connection with this crime.

*Id.* at *1 n.5. Petitioner argues that he is entitled to the lesser-included offense instruction because

the children witnessed a second vehicle pull into their driveway and heard more than two men in the

house.  At trial, Petitioner's co-defendant, Daniel McIntee, testified that they stopped at the house only because their car broke down and they needed water for the car.  (Pet. at 3-4.)  Petitioner did not testify.  (Pet. at 15.)  Daniel also testified that they did not enter the house until the relatives arrived with guns.  (Pet. at 4.)

In further support of his contention of error, Petitioner cites *Mathews v. United States,* 485 U.S. 58, 63 (1988), in which the Supreme Court noted that, "[a]s a general proposition[,] a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor."  The crimes of first-degree home invasion and breaking and entering without permission are distinguished by the intent to commit "a felony, larceny, or assault . . . ."  MICH. COMP. LAWS § 750.110(2).  As the court of appeals noted, it is undisputed that the men who entered the home intended to commit a larceny; i.e., they laid a comforter on the kitchen floor on which they gathered items from the home, including several guns. *McIntee*, 2005 WL 2514242*,* at *1.  The defense theory, however, was that Petitioner never entered the home.  (Pet. at 4.)  Therefore, a finding that Petitioner entered the home would necessarily conclude that he committed the crime of first-degree home invasion.  An instruction on the lesser-included offense would have confused the jury.  Furthermore, no clearly established Supreme Court authority requires lesser-included offense instructions in noncapital cases. *See Hopper,* 456 U.S. at 611-12.  Accordingly, I recommend that Petitioner fails to demonstrate that the Michigan Court of Appeals' decision in this case resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

- 7 -

Petitioner also argues that the trial court erroneously denied his motion for a new trial[2], contrary to the holding in *Keeble v. United States*, 412 U.S. 205 (1973).  (Pet. at 14.)  In his motion for a new trial, Petitioner argued that the trial court erred by failing to instruct the jury on the lesser-included offense of entering without permission.  The *Keeble* Court held that a defendant is entitled to "an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater."  *Id.* at 208.  As stated above, the jury could not have found Petitioner guilty of breaking and entering without permission provided the overwhelming evidence that the person(s) who entered the home intended to commit a larceny.  Therefore, Petitioner's argument fails to state a meritorious federal claim.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 for failure to raise a meritorious federal claim.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:  December 4, 2006                          /s/ Ellen S. Carmody
                                            ELLEN S. CARMODY
                                            United States Magistrate Judge

### NOTICE TO PARTIES

---

[2] Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  While Petitioner presented his motion for a new trial to the trial court, he does not allege that he exhausted this claim through the state appellate courts.  Because Petitioner's application for habeas relief fails to raise a meritorious claim, the Court will dismiss his action without first requiring Petitioner to exhaust any available state court remedies.

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fᴇᴅ. R. Cɪᴠ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).