UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAVID W. McINTEE,

        Petitioner,

v.

CINDI CURTIN,

        Respondent.
_____/

Case No. 1:06-CV-822

Hon. Richard Alan Enslen

**FINAL ORDER**

      This matter is before this Court on Petitioner David W. McIntee's *pro se* objections to the December 4, 2006 Report and Recommendation of United States Magistrate Judge Ellen S. Carmody. Her Report has recommended that Petitioner's Petition for Writ of Habeas Corpus be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. This Court now reviews the Report and objections *de novo* in accordance with 28 U.S.C. § 636.

      Preliminary dismissal under Rule 4 is proper if "it plainly appears from the petition and any attached pleadings that the petitioner is not entitled to relief in the district court . . . ." (R. 4.) This Rule permits the summary dismissal of petitions asserting legal theories which are without merit as well as those asserting factual theories which are patently false. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993) (citing *Blackledge v. Allison,* 431 U.S. 63, 76 (1977)).

      Turning to the habeas statute, Title 28 United States Code Section 2254 permits relief only in four limited circumstances: 1. when the state court applies a rule that contradicts a constitutional holding of a United States Supreme Court case; 2. when the state court decision is based upon facts which are materially indistinguishable from those of a Supreme Court decision and arrives at a different result to the detriment of the petitioner; 3. when the state court identifies the correct

constitutional legal principles but unreasonably fails to apply them correctly to the petitioner; and, 4. when the state court unreasonably either extends or fails to extend a principle from the Supreme Court's constitutional precedents. *Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 406 (2000)).

In light of such principles, the Magistrate Judge correctly determined that it "plainly appears" that relief is unwarranted on this Petition. The right to an instruction on lesser-included offenses has not been recognized as a constitutional right in non-capital cases by the Supreme Court. *See Hopper v. Evans*, 456 U.S. 605, 611-12 (1982); *Bagby v. Sowders*, 894 F.3d 792, 797 (6th Cir. 1990) (*en banc*). Further, the failure of the trial court to instruct on the lesser-included offense of the felony first-degree home invasion did not amount to any kind of constitutional violation. As explained by the Michigan Court of Appeals, a lesser-included offense (which would be pertinent in a case where intent to commit another felony was at issue) would have only confused a jury since it would have been inconsistent with Petitioner's theory of the case–that he never entered the home at all.

Defendant also urges that other arguments, not raised in his petition, might warrant relief. He describes these other arguments vaguely, as relating to the charging of the habitual offender penalty,[1] as to a "departure" from the state's advisory guidelines,[2] and the failure of the trial court to grant

---

[1] Petitioner apparently believes that the habitual offender status must be charged as a separate substantive count and found by the jury. The Court is aware of no Supreme Court case law supporting this position, which is contrary to Michigan law. *See* Mich. Comp. Laws §§ 769.11 to 769.13 (permitting notice charging with determination by circuit court at time of sentencing); *see also United States v. Harris*, 397 F.3d 404 (6th Cir. 2005) (determining that fact of prior conviction is not within the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).

[2] The Michigan sentencing guidelines have long been interpreted as advisory and this case does not present an instance in which the sentences were imposed in violation of the holdings in either *Apprendi* or *Blakely v. Washington,* 542 U.S. 296 (2004).

severance. Neither the law or the facts as described in the exhibits supports relief on any of these theories. As such, to the extent that Petitioner seeks amendment of his Petition, such amendment should be denied, consistent with Federal Rule of Civil Procedure 15, as futile.

Before dismissing a Petition, the Court should also, pursuant to 28 U.S.C. § 2253, assess whether to grant a certificate of appealability. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (permitting this practice pursuant to § 2253). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. The Court has reviewed the grounds asserted individually as required by the decisions in *Slack* and *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). Upon such review, the Court determines that this standard is not met as to any of the grounds for relief asserted because there is no factual basis for the claims asserted and the Supreme Court and the Sixth Circuit precedent forbids relief.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Objections (Dkt. No. 5) are **DENIED**, the Report and Recommendation (Dkt. No. 2) is **ADOPTED**, amendment of the Petition is **DENIED** as futile, this Petition is **DISMISSED WITH PREJUDICE**, and the issuance of certificate of appealability is **DENIED** as to all grounds asserted.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>February 20, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |